AARON D. FORD
 Attorney General
ANDREW C. NELSON, Bar No. 15971
 Deputy Attorney General
State of Nevada
100 N. Carson Street
Carson City, NV  89701-4717
Tel:  (775) 684-1227
E-mail:  acnelson@ag.nv.gov

*Attorneys for Defendants,*
*Gloria Carpenter, David Drummond,*
*William Gittere, Dennis Homan,*
*Dawn Jones, William Reubart,*
*Teresa Stark, Jon Verde*
*and Harold Wickham*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| BENJAMIN ESPINOSA,<br><br>                    Plaintiff,<br><br>vs.<br><br>WILLIAM GITTERE, et al.,<br><br>                    Defendants. | Case No.  3:21-cv-00205-ART-CLB<br><br>**ORDER GRANTING MOTION FOR EXTENSION OF TIME TO FILE DISPOSITIVE MOTIONS (SECOND REQUEST)** |

Defendants, Gloria Carpenter, David Drummond, William Gittere, Dennis Homan, Dawn Jones, William Reubart, Teresa Stark nka Teresa Clark, Jon Verde and Harold Wickham, by and through counsel, Aaron D. Ford, Attorney General of the State of Nevada, and Andrew C. Nelson, Deputy Attorney General, of the State of Nevada, Office of the Attorney General, hereby respectfully move this Court for an extension of time to file a Motion for Summary Judgment (Second Request). This Motion is made and based upon the Federal Rule of Civil Procedure 6(b)(1)(A) and LR 26-3.

### MEMORANDUM OF POINTS AND AUTHORITIES

### I.        FACTUAL ANALYSIS

This a *pro se* prisoner civil rights action brought by Plaintiff, Benjamin Espinosa (Espinosa), pursuant to 42 U.S.C. §1983. Espinosa is currently incarcerated within the Nevada Department of Corrections (NDOC) at High Desert State Prison (HDSP). Pursuant

to this Court's Screening Order, ECF No. 22, Espinosa was allowed to proceed on the following claims:

- A First Amendment retaliation claim against Defendant William Gittere. (ECF No. 22 at 13:14-15);

- An Eighth Amendment deliberate indifference to a need for protection against Defendants William Gittere, William Reubart, Harold Wickham, David Drummond, J. Verde, John Doe Kitchen Staff Sergeant, now identified as Defendant Homan. (ECF No. 22 at 13: 16-19; ECF No. 36 at 2:1-2); and

- An Eighth Amendment deliberate indifference to a serious medical needs claim against Doe Nurses 2-5, Doe Nurse 2 now identified as Defendant Stark, Doe Nurse 3 now identified as Defendant Caldwell, and Doe Nurse IV now identified as Defendant Carpenter. (ECF No. 22 at 13:20-22; ECF No. 36 at 2:2-4; ECF No. 44 at 1:21-24).

This Court entered a Scheduling Order, ECF No. 35, requiring discovery be completed on February 27, 2023 and dispositive motions be filed no later than March 29, 2023. (ECF No. 35 at 1:14-21). Subsequently, after each party requested an extension, (*See* ECF Nos. 51 & 49), this Court entered an order requiring dispositive motions be filed on or before May 15, 2023. (ECF No. 52 at 2:17).

Furthermore, the Defendants recently answered on behalf of Defendant Gloria Carpenter on March 28, 2023. (*See* ECF No. 48).

Additionally, the Court granted Plaintiff's Motion to Substitute, (ECF No. 50), substituting in Nurse Jones for John Doe Nurse 3. (*See* ECF No. 52 at 2). In doing so, the Court ordered Defense Counsel to advise the Court on or before April 12, 2023, whether they can accept service for Defendant Nurse Jones. (*Id*. at 3:8-10). Then, if service can be accepted on behalf of these Defendants, such Defendants shall file and serve an answer or otherwise respond to the first amended complaint with sixty (60) days of the entry of this Order, (ECF No. 52). (*Id*. at 3:10-13).

/ / /

Subsequently, the Defendants accepted service on behalf of Dawn Jones, believed to be sued as Nurse Jones, on April 10, 2023. (*See* ECF No. 54). Thereafter, the Defendants filed a Joinder to Answer, on behalf of Dawn Jones, on May 4, 2023. (*See* ECF No. 55).

## II.    ARGUMENT

Defense Counsel respectfully requests a thirty (30) day extension of time to file their dispositive motions from the current deadline of **May 15, 2023** until **June 14, 2023**, due to the recent addition of Defendant Jones, and previous, Defendant Carpenter. Defendants provide the following information in accordance with Local Rule 26-3.

### A.    Discovery Completed

Defendants' Initial Disclosures

### B.    Discovery that Remains to be Completed.

No additional discovery is needed in this matter.

### C.    Reasons why the Deadlines Were not Satisfied.

Defense Counsel requests an additional thirty (30) days to file their dispositive motions. Defense Counsel submits that two (2) of the Doe Defendants have recently been named and are former employees for the NDOC, therefore, communication with them is more difficult, and the extension of time would allow an appropriate amount of time to communicate with them in order to draft, review, and sign the necessary declarations to be used as exhibits for the dispositive motion. Therefore, the Defendants would respectfully request an additional thirty (30) days to file their dispositive motions.

Defense Counsel respectfully requests this time to ensure adequate and efficient briefing in this case. Given the recent addition of the two (2) Defendants, the extension would allow proper communication with the two in order to prepare and obtain the necessary declarations to be used as exhibits for the dispositive motion. Therefore, Defense Counsel makes this request in good faith and not to cause undue delay or for any other improper purpose.

/ / /

| | | |
|---|---|---|
| 1 | Dispositive motion deadline: | May 15, 2023 |
| 2 | Joint pretrial order (if no dispositive motions filed): September 18, 2023 | |

**D.   Proposed Deadlines**

Dispositive motion deadline:                                    June 14, 2023

Joint pretrial order (if no dispositive motions filed): July 14, 2023

**E.   Good Cause Supports this Request.**

Federal Rule of Civil Procedure 6(b)(1) governs extensions of time and provides as follows:

> This Court should find good cause supports this request. When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Defendants' second request is timely and will not hinder or prejudice Espinosa's case. Defense Counsel needs additional time to communicate with the two (2) recently identified Defendants in order to draft, and have each Defendant review and sign the appropriate declarations to be attached as exhibits for the dispositive motions. Defendants assert that the requisite good cause is present to warrant the requested extension of time.

**III.   CONCLUSION**

Therefore, Defendants respectfully request an extension to **June 5, 2023,** to file their motion for summary judgment.

DATED this 11th day of May, 2023.

AARON D. FORD
Attorney General

By:   /s/ Andrew C. Nelson

ANDREW C. NELSON, Bar No. 15971
Deputy Attorney General

*Attorneys for Defendants*

**ORDER**

**IT IS SO ORDERED.**
DATED: May 12, 2023.

_____
**UNITED STATES MAGISTRATE JUDGE**