**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| BENJAMIN ESPINOSA,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>WILLIAM GITTERE, *et al*.,<br><br>　　　　　　　　Defendants. | Case No. 3:21-CV-00205-ART-CLB<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO STRIKE, GRANTING PLAINTIFF'S MOTION TO EXCEED PAGE LIMITS, AND DENYING PLAINTIFF'S MOTION TO SEAL**<br><br>[ECF Nos. 68, 71, 73] |

　　　　This case involves a civil rights action filed by Plaintiff Benjamin Espinosa ("Espinosa") against Defendants Teresa Clark ("Clark"), Gloria Carpenter ("Carpenter"), David Drummond ("Drummond"), William Gittere ("Gittere"), Dennis Homan ("Homan"), Dawn Jones ("Jones"), William Reubart ("Reubart"), Jon Verde ("Verde"), and Harold Wickham ("Wickham") (collectively referred to as "Defendants"). Currently pending before the Court are three motions. The first motion is Espinosa's motion to strike Defendants' errata to their motion for summary judgment. (ECF No. 68.) Defendants responded, (ECF No. 69), and Espinosa replied. (ECF No. 70.) The second motion is Espinosa's motion to exceed the page limit for his response to Defendants' motion for summary judgment. (ECF No. 71.) Defendants filed a notice of non-opposition. (ECF No. 78.) The third motion is Espinosa's motion to file an appendix to his response to Defendants' motion for summary judgment under seal. (ECF No. 73.) Defendants responded, (ECF No. 77), and Espinosa did not reply. For the reasons stated below, the Court denies Espinosa's motion to strike, grants Espinosa's motion to exceed page limits, and denies Espinosa's motion to seal.

**I.　　FACTUAL BACKGROUND**

　　　　On May 4, 2021, Espinosa filed a civil rights complaint under 42 U.S.C. § 1983 and an application to proceed in forma pauperis for events which occurred while incarcerated at Ely State Prison. (ECF Nos. 1, 1-1.) On December 22, 2012, Espinosa

filed a motion for leave to file a first amended complaint ("FAC"). (ECF No. 14.) The Court granted the motion and screened the FAC pursuant to 28 U.S.C. § 1915A(a). (ECF No. 22.) The Court allowed Espinosa to proceed on the following claims: (1) First Amendment retaliation against Gittere; (2) Eighth Amendment deliberate indifference to the need for protection against Gittere, Reubart, Wickham, Drummond, Verde, and Homan; and (3) Eighth Amendment deliberate indifference to serious medical needs against Jones, Clark, and Carpenter. (*Id.*)

In brief, the FAC alleges the following. Espinosa complained about general population inmates mixing feces and undetectable cleaning detergent into the meals for inmates in protective segregation ("protective segregated inmates"). (ECF No. 23 4-5.) Espinosa also experienced symptoms from the poisoning of the food, but staff refused to test for the bacterium H. Pylori for eight months, after which he needed treatment for the bacterium. (*Id.* at 7-8.) Espinosa sent a kite to Gittere about finding foreign items in his food, and in response, Gittere placed Espinosa in the infirmary for thirteen days. (*Id.* at 8.) Other prison officials knew of the poisoned food but failed to act other than to randomly switch the food carts, although Espinosa alerted them that the switching was not effective. (*Id.* at 6.)

## II. MOTION TO STRIKE

On July 11, 2023, Espinosa filed a motion to strike Defendants' errata to their motion for summary judgment. (ECF No. 68.) The errata contains authenticating documents for certain exhibits attached to Defendants' motion for summary judgment. (ECF No. 67.) Espinosa argues that Defendants' errata is "drastically improper and late by virtue." (*Id.* at 2.) Espinosa requests the errata be stricken from the record as being filed improperly and for being 56 days late. (*Id.* at 3-4.) Defendants responded, arguing the errata was proper and the 25-day delay between filing the motion for summary judgment and the authenticating documents did not prejudice Espinosa. (ECF No. 69.) Defendants also explain that all the documents referenced and authenticated in the errata were previously provided to Espinosa in Defendants' initial disclosures. (*Id.* at 3.) In

Espinosa's reply, he acknowledges the errata was filed only 25-days after the motion for summary judgment but claims the errata is a manipulative way to file additional documents. (ECF No. 70.)

"Striking material under the Court's inherent power is wholly discretionary." *Fed. Nat'l Mortg. Assoc. v. Willis*, 2016 WL 11247554, at *1 (D. Nev. Oct. 14, 2016). In deciding whether to exercise that discretion, courts consider whether striking the filing would "further the overall resolution of the action," and whether the filer has a history of excessive and repetitive filing that has complicated proceedings. *Jones v. Skolnik*, 2015 WL 685228, at *2 (D. Nev. Feb. 18, 2015). Courts typically disfavor motions to strike; however, a court may grant a motion to strike if "the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Contreras, ex rel. Contreras v. Cnty. of Glenn*, 725 F.Supp.2d 1157 (E.D.Cal.2010).

Here, the Court declines to exercise its authority to strike Defendants errata to their motion for summary judgment. The errata has bearing on the subject matter of the litigation as all documents submitted in support of a motion for summary judgment must be authenticated. *Las Vegas Sands, LLC v. Neheme*, 632 F.3d 526, 532-33 (9th Cir. 2011). The errata does not provide new substantive documents for the Court to review, it merely provides authenticating documents for previously submitted documents. There is also no history of excessive and repeated filings by Defendants. Therefore, Espinosa's motion to strike the errata to Defendants' motion for summary judgment, (ECF No. 68), is denied.

### III. MOTION TO EXCEED PAGE LIMITS

On July 18, 2023, Espinosa filed a motion to exceed the page limit for his response to Defendants' motion for summary judgment. (ECF No. 71.) Espinosa seeks to exceed the page limit by three pages. (*Id.* at 2.) In support of his motion, Espinosa argues that because he is a *pro se* inmate who must physically hand write his motions, the text is much larger than that of a computer text size. (*Id.*) Espinosa also notes that he sought to include as much detail as possible given his lack of legal expertise. (*Id.* at 3.) In the

declaration submitted with the motion, Espinosa writes that although he may have exceeded the page limit by three pages, he is proud of his work.[1] (ECF No. 71 at 5.) Defendants filed a notice of non-opposition to Espinosa's motion. (ECF No. 78.)

Pursuant to General Order 2021-05, Section 3(d) and Local Rule 7-3, responses to motions for summary judgment are limited to 30 pages. Local Rule 7-3(c) states:

> The court looks with disfavor on motions to exceed page limits, so permission to do so will not be routinely granted. A motion to file a brief that exceeds these page limits will be granted only upon a showing of good cause. A motion to exceed these page limits must be filed before the motion or brief is due and must be accompanied by a declaration stating in detail the reasons for, and number of, additional pages requested. The motion must not be styled as an ex parte or emergency motion and is limited to three pages in length. Failure to comply with this subsection will result in denial of the request.

Here, the Court finds sufficient good cause to exceed the page limit. Espinosa seeks to exceed the page limits by three pages, which is not excessive. Defendants also do not oppose Espinosa's motion. (ECF No. 78.) Therefore, Espinosa's motion to exceed the page limit for his response to Defendants' motion for summary judgment, (ECF No. 71), is granted.

IV.    **MOTION TO SEAL**

Finally, the Court turns to Espinosa's motion to file "Appendix: Vol 1" to his response to Defendants' motion for summary judgment ("Appendix"), (ECF No. 74), under seal. (ECF No. 73.) The Appendix contains information about the case which includes names and statements made by protective segregated inmates. (*Id.* at 2.) Espinosa argues that because the family and friends of general population inmates and previously incarcerated inmates who may return to prison may access and share the information, the appendix should be sealed. (*Id.*) Espinosa claims that if the information is disclosed, the protective segregated inmates may be placed in future danger. (*Id.*)

Defendants filed a response, explaining that they could not properly oppose Espinosa's motion because they did not have access to its contents. (ECF No. 77.) On

---

[1]    The Court notes and appreciates the hard work Espinosa put into his response to the motion for summary judgment.

August 2, 2023, the Court issued an order directing the Clerk's Office to provide a one-time courtesy copy of the documents filed under seal to Defendants. (ECF No. 80 at 3.) Neither party has filed any additional documents regarding the motion to seal.

"The courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Courthouse News Serv. v. Planet*, 947 F.3d 581, 591 (9th Cir. 2020) (quoting *Courthouse News Serv. v. Brown*, 908 F.3d 1063, 1069 (7th Cir. 2018)). Certain documents are exceptions to this right and are generally kept secret for policy reasons, including grand jury transcripts and warrant materials in a pre-indictment investigation. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).

If a party seeks to file a document under seal, there are two possible standards the party must address: the compelling reasons standard or the good cause standard. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096-97 (9th Cir. 2016). The choice between the two standards depends on whether the documents proposed for sealing accompany a motion that is "more than tangentially related" to the merits of the case. *Id.* at 1099. If it is more than tangentially related, the compelling reasons standard applies. If not, the good cause standard applies. *Ctr. for Auto Safety*, 809 F.3d at 1102.

Here, Espinosa seek to file exhibits under seal in connection with the motion for summary judgment, which are "more than tangentially related" to the merits of a case. Therefore, the compelling reasons standard applies. Under the compelling reasons standard, "a court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture.'" *United States v. Carpenter*, 923 F.3d 1172, 1179 (9th Cir. 2019) (quoting *Ctr. for Auto Safety*, 809 F.3d at 1096-97) (alteration in original). Finding a compelling reason is "best left to the sound discretion" of the Court. *Ctr. for Auto Safety*, 809 F.3d at 1097 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978)).

Espinosa argues that while the public does have an interest in this case, it cannot be said that "societies [sic] interest trump[s] the safety of its incarcerated prisoners." (ECF

No. 73 at 2.) Specifically, Espinosa argues the information should be sealed because the names and statements of protective inmates could be shared with current general population inmates by their family and friends of inmates or viewed by previously incarcerated inmates who return to prison "which has the possibility of placing [the protected inmates] in danger." (*Id.*) However, it is only conjecture that someone may see the filing and then return to prison or that a currently incarcerated individual's family and friends will see the filing and share its contents. Additionally, Espinosa writes that dissemination of the information would only possibly place others in future danger. Therefore, there is no compelling reason without relying on hypothesis or conjecture for granting Espinosa's motion to seal. Accordingly, Espinosa's motion to file an appendix to his response to Defendants' motion for summary judgment, (ECF No. 73), is denied.

## V.     CONCLUSION

**IT IS THEREFORE ORDERED** that Espinosa's motion to strike, (ECF No. 68), is **DENIED**.

**IT IS FURTHER ORDERED** that Espinosa's motion to exceed the page limit for his response to Defendants' motion for summary judgment, (ECF No. 71), is **GRANTED**.

**IT IS FURTHER ORDERED** that Espinosa's motion to seal, (ECF No. 73), is **DENIED**.

IT IS SO ORDERED.

DATED: August 21, 2023.

UNITED STATES MAGISTRATE JUDGE