UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BENJAMIN ESPINOSA, | Case No. 3:21-cv-00205-ART-CLB |
| Plaintiff, | ORDER |
| v. | |
| WILLIAM GITTERE, *et al.*, | |
| Defendants. | |

**I.   SUMMARY**

*Pro se* Plaintiff Benjamin Espinosa brings this action under 42 U.S.C. § 1983 against Defendants Gloria Carpenter, David Drummond, William Gittere, Dennis Homan, Dawn Jones, William Reubart, Stark, Jon Verde, and Harold Wickham. Plaintiff alleges that Defendants violated his First Amendment rights by placing him in the infirmary for thirteen days in retaliation for complaining about finding foreign items in his food. Plaintiff also alleges that Defendants failed to act to prevent him from consuming poisoned food and were deliberately indifferent to Plaintiff's need for protection in violation of his Eighth Amendment rights. Finally, Plaintiff alleges that Defendants failed to address health issues he experienced from consuming poisoned food. (ECF No. 23.)

Before the Court is a Report and Recommendation ("R&R" or "Recommendation") of United States Magistrate Judge Carla Baldwin (ECF No. 83), recommending the Court grant Defendants' Motion for Summary Judgment (ECF No. 62). Plaintiff filed an objection to the R&R (ECF No. 84 ("Objection")), to which Defendants responded (ECF No. 85) and Plaintiff replied (ECF No. 86). Because the Court agrees with Judge Baldwin's analysis as to Defendants' Motion, the Court will adopt the R&R in full. Accordingly, the Court will grant Defendants' Motion for Summary Judgment.

## II. BACKGROUND

The Court incorporates by reference Judge Baldwin's recitation of the relevant factual background and procedural history, which the Court adopts from the R&R. (ECF No. 83 at 1-3.)

## III. LEGAL STANDARD

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." *Id.* Where a party fails to object to a magistrate judge's recommendation, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original); Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (providing that the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

Here, the Court's review is de novo on the issues raised in Plaintiff's Objection. In his Objection, Plaintiff raises four issues: 1) Defendants' argument that placing Plaintiff in the infirmary was for his protection and therefore advanced a legitimate correctional goal was improperly raised for the first time on reply; 2) the existence of a legitimate correctional goal does not justify granting summary judgment on Plaintiff's retaliation claim; 3) the declarations Plaintiff submitted on the issue of whether Defendant Gittere ordered cell extraction are not inadmissible hearsay; and 4) Judge Baldwin's Recommendation on Plaintiff's failure to protect claim ignores evidence creating triable issues of fact.

## IV.    DISCUSSION

The first issue raised in Plaintiff's Objection fails. Defendants cite authority establishing "[t]he main purpose of a reply brief is to rebut the nonmovant's response." *Vitale & Assocs., LLC v. Lowden*, No: 2:12-cv-01400-JAD-VCF, 2014 WL 1764715, at *4 (D. Nev. May 2, 2014); *see, e.g., Evans v. Encore Event Techs., Inc.*, No 2:15-cv-01120-GMN-CWH, 2017 WL 986357, at *1 n.1 (D. Nev. Mar. 14, 2017) ("In a reply, a party may use evidence to rebut evidence presented in an opposition to a motion for summary judgment." . . . If a reply does not "bring up new arguments, but rather support[s] [the] original argument" it is not improper.). Here, the Court finds that Defendants' argument on reply concerning the existence of a legitimate correctional interest in placing Plaintiff in the infirmary was not new. This argument was raised by Defendants in their Motion for Summary Judgment. (ECF No. 62 at 12.) Defendants' argument on this issue in their reply was therefore properly presented and considered by Judge Baldwin.

Second, Plaintiff's argument that the existence of a legitimate correctional goal does not justify granting summary judgment on his retaliation claim is not supported by Ninth Circuit precedent. "A prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." *Pell v. Procunier*, 417 U.S. 817, 822 (1974). Within the prison context, a viable retaliation claim has five elements: (1) a state actor took some adverse action against the inmate, (2) because of, (3) the inmate's protected conduct, and that the action, (4) chilled the inmate's exercise of his First Amendment rights, and (5) did not reasonably advance a legitimate correctional goal. *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2004). A finding that Defendants' actions reasonably advanced a legitimate correctional goal does justify granting summary judgment in Defendants' favor. The Court therefore agrees with Judge Baldwin's analysis.

Third, the Court agrees with Judge Baldwin's conclusion that the statements included in the declarations submitted by Plaintiff reporting what a guard told Plaintiff and his cellmate are inadmissible hearsay. As such, those statements cannot be considered as evidence of Defendant Gittere ordering cell extraction.

Fourth, the Court agrees with Judge Baldwin's analysis on Plaintiff's claim for deliberate indifference to need for protection and finds there is no dispute as to whether Defendants took action to investigate and remedy the issues surrounding the allegedly poisoned food. There is therefore no evidence that Defendants disregarded risks to Plaintiff's health, so summary judgment is appropriate.

## V.  CONCLUSION

It is therefore ordered that Plaintiff's Objection (ECF No. 84) to the Report and Recommendation of U.S. Magistrate Judge Carla Baldwin is overruled. The Report and Recommendation (ECF No. 83) is therefore adopted in full.

It is further ordered that Defendants' Motion for Summary Judgment (ECF No. 62) is GRANTED.

It is further ordered that Defendants Carpenter, Stark, and Jones be DISMISSED from this action.

It is further ordered that the Clerk ENTER JUDGMENT in favor of Defendants and CLOSE this case.

DATED THIS 29th day of March 2024.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE