UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

BENJAMIN ESPINOSA,

Plaintiff,

v.

WILLIAM GITTERE, et al.,

Defendants.

Case No. 3:21-cv-00205-ART-CLB

ORDER ON ECF No. 125

Before the Court is Plaintiff's motion for appointment of counsel for trial. (ECF No. 125). He requests counsel because of the complexity of the case which is proceeding to trial.

A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Pursuant to 28 U.S.C. §1915(e)(1), the Court may request an attorney to represent any person unable to afford counsel. However, the Court will appoint counsel for indigent civil litigants only in exceptional circumstances. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). When determining whether exceptional circumstances exist, a court must consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* "Neither of these considerations is dispositive and instead must be viewed together." *Id.*

Plaintiff, acting *pro se*, had previously appealed (ECF No. 89) the Court's order granting summary judgment in Defendants' favor (ECF No. 87) and filed a motion for reconsideration (ECF No. 90). This appeal was held in abeyance pending this Court's resolution of the motion for reconsideration. (ECF No. 96). In February 2025, the Court granted Plaintiff's motion for reconsideration and

denied Defendants' motion for summary judgment with respect to Plaintiff's retaliation and deliberate indifference claims. (ECF No. 102). Plaintiff's appeal was thus dismissed. (ECF Nos. 116, 117). After his motion for reconsideration was granted, Plaintiff moved for appointment of counsel. (ECF No. 105 at 4). The Court denied this request as moot, based on Plaintiff's representation (ECF No. 107) that he was actively searching for private counsel. (ECF No. 109). Defendants in turn appealed the Court's order granting Plaintiff's motion for reconsideration. (ECF No. 110). This appeal was dismissed. (ECF Nos. 119, 124). Plaintiff then moved for appointment of counsel for trial purposes. (ECF No. 125).

Anticipating that Plaintiff will now be required to articulate his claims at a jury trial, the Court finds that exceptional circumstances exist which merit appointment of counsel in this case.

Finding that exceptional circumstances exist, the Court grants Plaintiff's motion for appointment of counsel. In reaching its decision, the Court considers that Plaintiff lacks internet access and trial experience and has made a diligent effort to secure counsel. (*See* ECF No. 125).

The case is referred to the *Pro Bono* Program adopted in Amended General Order 2019-07 for the purpose of screening for financial eligibility (if necessary) and identifying counsel willing to be appointed as *pro bono* counsel for Plaintiff. The scope of appointment shall be for the remainder of the case, including trial if necessary. By referring this case to the Program, the Court is not expressing an opinion as to the merits of the case.

DATED: October 23, 2026

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE